Case 2:24-cv-00060-MKD    ECF No. 18    filed 04/17/24    PageID.54    Page 1 of 4

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 17, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GENEVA LANGWORTHY,<br><br>      Plaintiff,<br><br>v.<br><br>CAROLINA PERKY, LAURA HAMILTON, PABLO VILLAREAL, and WASHINGTON DIVISION OF VOCATIONAL REHABILITATION,<br><br>      Defendants. | No. 2:24-CV-00060-MKD<br><br>ORDER DENYING CONSTRUED MOTION TO RECUSE<br><br>**ECF No. 17** |

Plaintiff filed this *pro se* Complaint on February 21, 2024.  ECF No. 1.  Before the Court is Plaintiff's construed motion to recuse.  ECF No. 17.  The Court has considered the motion and the record and is fully informed.  Plaintiff did not request a hearing, and the Court finds a hearing would not materially aid the resolution of the pending motion and is therefore resolving the motion without a hearing.  *See* Fed. R. Civ. P. 78(b); LCivR 7(i)(3)(B)(iii).  For the reasons discuss herein, the motion is denied.

ORDER - 1

# BACKGROUND

## A. Procedural Background

This is the first of two Complaints Plaintiff filed with this Court this year. *See Langworthy v. Myers*, 2:24-CV-00089-MKD (E.D. Wash. Apr. 16, 2024) (*Myers*). After *Myers* was dismissed on April 16, 2024, *see id.* (ECF No. 11), Plaintiff filed "Plaintiff's Affidavit of Prejudice and Disqualification of Judge Dimke," ECF No. 17, in the instant case. The Court construes the document as a motion to recuse.

## B. Motion to Recuse

Plaintiff's construed motion states Plaintiff believes she cannot "get a fair hearing" with this Court. *Id.* at 1. Plaintiff states this Court denied Plaintiff's motion for pro bono counsel and dismissed her other case with prejudice. *Id.* "The standard for recusal under 28 U.S.C. §§ 144 [and] 455 is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (quotations and citations omitted). A party seeking recusal is required to file a "sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party. . . ." 28 U.S.C. § 144. The affidavit must "state the facts and

ORDER - 1

the reasons for the belief that bias or prejudice exists," and "[a] party may file only one such affidavit in any case." *Id.*

The undersigned judicial officer may determine whether Plaintiff has filed an affidavit that is legally sufficient. *See United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978) ("the judge against whom an affidavit of bias is filed may pass on its legal sufficiency") (citations omitted). "An affidavit filed pursuant to [28 U.S.C. § 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980).

While Plaintiff filed an affidavit, Plaintiff contends the Court is biased based on actions taken within Plaintiff's cases. Plaintiff does not cite to any extrajudicial source of bias or prejudice, as required by 8 U.S.C. § 144. Plaintiff does not offer any basis to question the Court's impartiality in this matter beyond the Court's rulings in Plaintiff's cases. Accordingly, the Court finds that no grounds for recusal exist. Plaintiff's motion to recuse is denied.

**C. Advisement**

As discussed in the March 6, 2024 Order, ECF No. 9, although she is proceeding pro se, Plaintiff is required to follow the same rules of procedure that govern other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *see also*

ORDER - 1

*Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986).  Local Rule 83.1 requires litigants to conduct themselves professionally.  LCivR 83.1.  Parties that proceed unrepresented are entitled to some latitude generally, but they are "not entitled to any latitude when it comes to threatening and inappropriate conduct . . . unfamiliarity with the legal process is no excuse for . . . using profanity."  *See Leibovitz v. City of New York*, No. 15CIV546LGSHBP, 2019 WL 4307305, at *1 (S.D.N.Y. Aug. 27, 2019), *report and recommendation adopted*, No. 15 CIV. 0546 (LGS), 2019 WL 4303343 (S.D.N.Y. Sept. 11, 2019) (citing *Cameron v. Lambert*, 07 Civ. 9258 (DC), 2008 WL 4823596 at *4 (S.D.N.Y. Nov. 7, 2008)).  Plaintiff is advised to keep her communications with the Court and the other parties professional.  Insults and vulgarity directed at others should not be included in future filings and communications.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Construed Motion to Recuse, **ECF No. 17**, is **DENIED.**

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to *pro se* Plaintiff and counsel.

DATED April 17, 2024.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 1